UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

COACH, INC., and COACH                          :
SERVICES, INC.,
                                                :
                        Plaintiffs,
                                                :
        - against -                             :

LINDA ALLEN, et al.,                            :

                        Defendants.
------------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 2, 2012
```

**CORRECTED REPORT
AND RECOMMENDATION
TO THE HONORABLE
COLLEEN McMAHON**[*]

11 Civ. 3590 (CM) (FM)

**FRANK MAAS,** United States Magistrate Judge.

I.      Introduction

        In this action, plaintiffs Coach, Inc. and Coach Services, Inc. (together,

"Coach") allege that defendants Linda and Courtney Allen (together, the "Allens"), and

John Vanasco, Jr. ("Vanasco"), individually and doing business as bellafashions.net and

Bella Fashions (collectively, the "Defendants"), unlawfully sold and attempted to sell

counterfeit versions of trademarked Coach products in violation of the Lanham Act, 15

U.S.C. § 1051, et seq.  (ECF No. 8 ("Amended Complaint" or "Am. Compl.")).

Following Vanasco's default, Coach seeks to recover statutory damages against him.

(ECF No. 40 ("Pl's Mem.") at 2).  For the reasons set forth below, I recommend that

Coach be awarded a money judgment against Vanasco in the amount of $2,200,000.

------------------------------------------------------------

        [*]      This Report and Recommendation was prepared with the assistance of
Christopher Mirabella, a student at the Fordham University School of Law.

II.    Procedural History

        Coach originally filed this action in May 2011, naming only Linda Allen as

an individual defendant.  (ECF No. 1).  Thereafter, Coach amended its complaint to add

Vanasco as a defendant.  (ECF No. 8).  Although the Allens have participated in the

action, Vanasco never appeared.  Accordingly, on April 11, 2012, Your Honor granted

Coach's motion for a default judgment against Vanasco and referred the matter to me to

conduct an inquest regarding damages.  (See ECF Nos. 36, 37 ("Final Judgment")).

Thereafter, by order dated April 23, 2012, I directed Coach to serve and file inquest

papers by May 23, 2012, and that any defendant wishing to file opposition papers do so

by June 6, 2012.  (ECF No. 39).  A copy of that order was sent to Vanasco's residence.

(See id. at 3).  Coach complied with the filing deadline, but Vanasco has not submitted

any papers to this Court.

III.   Standard of Review

        In light of Vanasco's default, Coach's well-pleaded allegations concerning

issues other than damages must be accepted as true.  See Cotton v. Slone, 4 F.3d 176, 181

(2d Cir. 1993); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155,

158 (2d Cir. 1992); Time Warner Cable of N.Y.C. v. Barnes, 13 F. Supp. 2d 543, 547

(S.D.N.Y. 1998).

        Additionally, although a plaintiff seeking to recover damages against a

defaulting defendant must prove its claim through the submission of evidence, the Court

need not hold a hearing as long as it has (a) determined the proper rule for calculating

2

damages, see Credit Lyonnais Securities (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d

Cir. 1999), and (b) the plaintiff's evidence establishes, with reasonable certainty, the basis

for the damages specified in the default judgment, see Transatlantic Marine Claims

Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997).  Here, because

both requirements have been met, a hearing is unnecessary.

IV.     Facts

    Coach's complaint and inquest papers establish as follows:

    Coach, Inc. manufacturers and distributes high-quality goods, including

handbags, wallets, jewelry, watches, shoes, eyewear, and fragrances.  (Am. Compl. ¶¶ 6,

14).   Coach Services, Inc. is a wholly-owned subsidiary of Coach, Inc., and the owner of

all of Coach's federally-registered trademarks.  (Id. ¶¶ 7, 17).

    In or around March 2011, Coach discovered that the website

bellafashions.net ("Website") was offering for sale products that it represented "matched

the originals" but did not "have any relations with the brands mentioned."  (See ECF No.

18 ("Lau Aff.") ¶ 9 & Ex. 1 at 4; See also Am. Compl. ¶ 39).  Included among these

products were handbags, duffle bags, wristlets, wallets, scarves, hats, umbrellas, shoes,

belts, key chains and sunglasses.  (See Lau Aff. ¶ 19).  Although these knockoff products

used Coach's registered trademarks, none of the marks had been assigned or licensed to

the Defendants.  (See id. ¶ 18; Am. Compl. ¶ 21).

    After Coach learned of the Website, on or about April 8, 2011, a legal

assistant at the law firm of Gibney, Anthony & Flaherty, LLP, purchased a "Coach" tote

bag from the Website. (See ECF No. 17 ¶¶ 3,4). Coach's in-house counsel reviewed

digital images of the bag, which revealed that it was not genuine and contained multiple

counterfeit Coach trademarks. (Lau Aff. ¶ 17).

        As noted earlier, Linda Allen initially was the sole individual named as a

defendant in this lawsuit. (See ECF No. 1). When Allen was deposed however, she

admitted that Vanasco was involved in the operation of the Website, leading to him being

added as a defendant. (See Am. Compl. ¶ 32; Lau Aff. Ex. 2 at 96-98). By virtue of his

subsequent default, Vanasco has admitted that his sale of counterfeit Coach goods was

willful and malicious. (Am. Compl. ¶ 35).

V.    Discussion

    A.    Damages for Infringement

        Under the Lanham Act, a trademark owner may choose to recover statutory

or actual damages in cases of infringement. 15 U.S.C. §§ 1117(a), (c). When the

trademark owner seeks statutory damages, as Coach does here, they may be awarded in

the amount of

> 1) not less than $1000 or more than $200,000 per counterfeit
> mark per type of goods or services sold, offered for sale, or
> distributed, as the court considers just; or
>
> 2) if the court finds that the use of the counterfeit mark was
> willful, not more than $2,000,000 per counterfeit mark per
> type of goods or services sold, offered for sale, or distributed,
> as the court considers just.

15 U.S.C. § 1117(c).

Here, as Your Honor previously has found, Vanasco acted maliciously and willfully. (Final Judgment ¶ 16). Accordingly, Coach is entitled to damages in the amount of "not less than $1,000" nor "more than $2,000,000" per infringement perpetrated by Vanasco. 15 U.S.C. § 1117(c).

In its inquest papers, Coach seeks to recover damages based on the Defendants' alleged violation of seventeen trademarks on eleven types of goods, which, by Coach's calculation, results in twenty-two separate infringements. (Lau. Aff. ¶ 18). In other words, Coach maintains that five trademarks were infringed with respect to two types of goods. For each violation, rather than seeking the statutory maximum, Coach requests an award of $200,000, i.e. a total of $4.4 million. (Pl's Mem. at 10). Unfortunately, the eleven types of good that Coach describes in the text of its in-house counsel's affidavit differ from those set forth in that same affidavit in tabular form. (Id. ¶¶ 14,18).[1] Additionally, Coach nowhere specifies particular products (as opposed to types of products) that were infringed. The Court consequently is left with proof concerning the number of infringements that is largely conclusory.

Despite this concern, it is clear that the Website that Vanasco and the other Defendants operated was intended to distribute large quantities of counterfeit Coach goods. Moreover, Vanasco's involvement with that Website and its rampant trademark infringement violations was plainly willful. In these circumstances, a substantial award

---

[1]    For example, only the narrative list includes duffle bags and wristlets, and only the table includes small leather goods. (Id.).

of statutory damages is appropriate.

The Lanham Act does not set forth any guidelines for determining statutory damages that should be assessed against a willful trademark infringer. Thus, courts often have looked for guidance to the better developed case law under the Copyright Act, 17 U.S.C. § 504(c), an analogous statute that authorizes an award of statutory damages for willful copyright infringement. See, e.g., Guess?, Inc. v. Gold Ctr. Jewelry, 997 F. Supp. 409, 411 (S.D.N.Y. 1998), rev'd on other grounds sub nom. Gucci Am., Inc. v. Gold Ctr. Jewelry, 158 F.3d 631 (2d Cir. 1998); Sara Lee Corp. v. Bags of N.Y., Inc., 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999); Polo Ralph Lauren, L.P. v. 3M Trading Co., No. 97 Civ. 4824 (JSM) (MHD), 1999 WL 33740332, at *5 (S.D.N.Y. Apr. 19, 1999). Those cases indicate that where a defendant is shown to have acted willfully, as Vanasco has, statutory damages should not only serve a compensatory purpose, but a punitive one as well. See, e.g., Fitzgerald Publ'g Co. v. Baylor Publ'g Co., 807 F.2d 1110, 1117 (2d Cir. 1986); N.A.S. Import, Corp. v. Chenson Enters., 968 F.2d 250, 252 (2d Cir. 1992).

In this case, there is no question that the Defendants violated Coach's trademark rights with respect to numerous types of goods even if the specific goods infringed have not been identified. Furthermore, Coach has established that the Defendants infringed at least one trademark with respect to eleven types of goods. I therefore recommend that Coach be awarded statutory damages against Vanasco in the amount of $2,200,000, consisting of $200,000 in statutory damages for each of eleven types of goods. While the amount is only half what Coach has requested, it nevertheless

is a substantial award that is likely to have the punitive and deterrent effect that Coach

seeks.  In addition, as the Final Judgment notes, because Vanasco's conduct gave rise to

"willful and/or malicious injury to Coach and/or Coach's property under 11 U.S.C. § 523

(a)(6), the sum[] awarded to Coach . . . [will not be] dischargeable in any bankruptcy

proceeding" that Vanasco may file.  (Final Judgment ¶ 24).

      B.    <u>Attorneys' Fees</u>

        The Lanham Act provides that a prevailing party may recover "the costs of

the action" and in "exceptional cases" its "reasonable" attorneys' fees.  15 U.S.C.

§ 1117(a).  Where willfulness is established, courts consider the case to be "exceptional"

within the meaning of the statute and therefore award attorneys' fees.  See, e.g., <u>Bambu</u>

<u>Sales, Inc. v. Ozak Trading Inc.</u>, 58 F.3d 849, 854 (2d Cir. 1995) ("[t]he finding of

willfulness determines the right to attorneys' fees"); <u>see also</u> <u>Twin Peaks Prods. v. Publ'n</u>

<u>Int'l, Ltd.</u>, 996 F.2d 1366, 1383 (2d Cir. 1993) (attorneys' fees should be awarded only on

evidence of fraud or bad faith).  In this case, Coach has indicated that it will waive those

fees and costs "provided it is awarded the requested amount in statutory damages."  (Pl's

Mem. at 14).  My recommendation, however, is that Coach be awarded only half the

damages it seeks.  Since the award is nevertheless very substantial, I assume that Coach

will agree to forego the recovery of its attorneys' fees and costs.  Nevertheless, if Coach

wishes to pursue such relief, I will submit a supplemental Report and Recommendation to you.<sup>*</sup>

VI.    Conclusion

For the foregoing reasons, Coach should be awarded in the amount of $2,200,000.

VII.    Notice of Procedure for Filing of Objections to this Report and Recommendation

The parties shall have ten days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  See also Fed. R. Civ. P. 6(a) and (d).  Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Colleen McMahon and to the chambers of the undersigned at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).  Any requests for an extension of time for filing objections must be directed to Judge McMahon.  The failure to file these timely objections will result in a waiver of

---

*        In a separate Order bearing today's date, I have directed Coach to make any submission regarding its fees and costs within ten days.

those objections for purposes of appeal.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a),

6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).


Dated:        New York, New York
              June 29, 2012

                                                    _____ .
                                                         FRANK MAAS
                                                    United States Magistrate Judge




Copies to:

John Macaluso, Esq.
Gibney. Anthony & Flaherty, LLP
Fax:  (212) 688-8315

Courtney Allen
342 Cold Spring Road
Syosset, New York 11791

Linda Allen
342 Cold Spring Road
Syosset, New York 11791

John Vanasco, Jr.
2932 Flora Lane
East Meadow, New York 11554